# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| GARIK MKRTCHYAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 5:25-cv-116 |
| | ) |
| WARDEN, FOLKSTON ICE | ) |
| PROCESSING CENTER, et al., | ) |
| | ) |
| Respondents.[1] | ) |

## MOTION TO DISMISS

Respondent, the Warden at Folkston ICE Processing Center, by and through the United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Petitioner Garik Mkrtchyan's Petition for Writ of Habeas Corpus, Doc. 1.

## BACKGROUND

Petitioner is a native and citizen of Armenia who entered the United States on August 1, 2022, on a B-2 nonimmigrant visitor's visa. Doc. 20-1 at ¶ 4. The B-2 visa authorized Petitioner to remain in the United States for a period not to exceed

---

[1] Respondent-Warden submits that he is the only proper respondent to this habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("the proper respondent [in a habeas corpus petition] is the warden of the facility where the prisoner is being held"); *Grimes v. Geter*, No. 2:20-cv-42, 2020 WL 13917844, at *1 (S.D. Ga. Apr. 24, 2020) (Cheesbro, J.) ("The only proper respondent in a § 2241 case such as this is the inmate's immediate custodian—the warden of the facility where the inmate is confined.").

1

January 31, 2023. *Id.* Petitioner did not leave the United States on or before January 31, 2023, but rather, he remains in the United States to date. *Id.*

On or about November 21, 2022, Petitioner submitted an application for relief to the United States Citizenship and Immigration Services (USCIS). *Id.* at ¶ 5. On or about February 26, 2025, Petitioner submitted an I-140, Immigrant Petition for Alien Workers 203(b) National Interest Waiver to USCIS, which Petition remains pending. *Id.* at ¶ 6.

On August 6, 2025, Petitioner was arrested and placed in Immigration and Customs Enforcement (ICE) custody following an investigation by Alcohol, Tobacco, Firearms and Explosives (ATF) into Petitioner's attempt to purchase a long firearm unlawfully. *Id.* at ¶ 7. Petitioner was transferred to Folkston Main ICE Processing Center in Folkston, Georgia, and personally served with a Notice to Appear (NTA) that charged him as being removable pursuant to Immigration and Nationality Act (INA) § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). *Id.* On August 7, 2025, Petitioner filed a request for a bond hearing, and on August 19, 2025, Petitioner appeared with counsel for his bond hearing. *Id.* at ¶ 8. Considering the evidence presented at the hearing, the Immigration Judge (IJ) denied Petitioner's request for bond. *Id.* On August 25, 2025, Petitioner filed an appeal of the denial of bond. *Id.* The BIA issued a scheduling order requiring all parties to submit legal briefs by November 12, 2025. *Id.*

On September 4, 2025, the Immigration Court issued notice for all parties to appear for a master hearing on September 9, 2025. *Id.* at ¶ 9. On September 9, 2025,

Petitioner appeared with counsel for the master hearing. *Id.* at ¶ 10. After hearing arguments, the IJ sustained the NTA and designated Armenia as the country of removal. *Id.* After Petitioner confirmed that he is still pursuing relief based upon the application he submitted to USCIS in 2022, the IJ set a deadline of October 23, 2025, for Petitioner to update his application for relief. *Id.* Additionally, the IJ scheduled the merits hearing for October 28, 2025. *Id.* On October 1, 2025, Petitioner filed the Petition for Writ of Habeas Corpus currently pending before this Court. Doc. 1. On October 13, 2025, Petitioner filed a Motion for Continuance with the Immigration Court, requesting additional time to acquire evidence in support of his 2022 application for relief. Doc. 20-1 at ¶ 11. The IJ denied Petitioner's Motion for Continuance. *Id.* On October 17, 2025, Petitioner filed a Motion for Preliminary Injunction in the matter now before this Court. Doc. 13. On October 30, 2025, the Immigration Court sua sponte rescheduled the merits hearing to November 6, 2025. Doc. 20-1 at ¶ 12. On November 6, 2025, Petitioner appeared, with counsel, for the merits hearing. *See* Declaration of Erica Pensack (Exhibit 1), ¶ 4. All testimony was taken, and the record was closed. *Id.* On November 26, 2025, the IJ issued a written decision denying Petitioner's application for relief from removal and ordering him removed to Armenia. *Id.* at ¶ 5. To date, no appeal has been filed. *Id.* Petitioner remains detained at Folkston Main ICE Processing Center pursuant to 8 U.S.C. § 1226(a). *Id.* at ¶ 6.

# ARGUMENT

## I. The Court does not have jurisdiction to review Petitioner's claims.

Congress has clearly indicated that courts lack jurisdiction to review an IJ's discretionary decisions regarding detention, release, bond, or parole pursuant to Section 1226(e), stating:

> **(e) Judicial review**
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has held, "§ 1226(e) precludes an alien from 'challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'" *Jennings v. Rodriguez*, 583 U.S. 281, 295, (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 516, (2003)) (cleaned up). Nonetheless, challenging the IJ's decision regarding his detention is precisely what Petitioner seeks to do here.

Petitioner acknowledges that he was provided a bond hearing at which he was represented by counsel and able to submit evidence and argument as to his request for release on bond. *E.g.*, Doc. 1 at ¶¶ 22-24, 28. The IJ has provided a written decision clearly explaining the basis for his denial of bond, which decision Petitioner has appealed to the BIA, as is his right. Doc. 1-1 at 5-8. Petitioner does not identify a single constitutional deficiency with the process provided him, but rather, he takes issue with the IJ's discretionary decision to deny him release on bond, listing the factors he believes the IJ should have weighed or assessed differently while ignoring

4

all of the factors specifically identified by the IJ as the reason bond was denied. *E.g.* Doc. 24 at 4. Such is precisely the type of review that is foreclosed by 8. U.S.C. § 1226(e).

Additionally, multiple subsections of Section 1252 preclude Petitioner's challenge to the IJ's determination. 8 U.S.C. § 1252(a)(2)(B) states:

> **(B) Denials of discretionary relief**
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision….and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
> . . .
>
> **(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). As the Eleventh Circuit has noted, this "jurisdiction-stripping provision" means that "a noncitizen may not bring a factual challenge to orders denying discretionary relief." *Patel v. United States Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020), *aff'd sub nom. Patel v. Garland*, 596 U.S. 328 (2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 586 (2020)). Further, "a party may not dress up a claim with legal or constitutional clothing to invoke our jurisdiction." *Id.*

In the present matter, Petitioner seeks to challenge the IJ's discretionary decision to deny him release on bond. *E.g.* Doc. 1 at 11. While Petitioner attempts to present his factual disputes as constitutional or legal challenges, review of his Petition, Motion for Preliminary Injunction and supporting memorandum, and

5

Opposition to Motion to Dismiss and Reply in Support of Temporary Restraining Order and Preliminary Injunction clearly reveal that his challenge is a factual disagreement with the IJ's weighing of and discretionary determination based upon the evidence. *See* Doc. 1, 13, 13-1, 24 generally. Petitioner itemizes the factors he believes weigh in favor of granting him release on bond and ignores the factors the IJ identified as reasons he denied bond, attempting to persuade this Court to overrule the IJ's discretionary decision. E.g. Doc. 24 at 4. Review of such claims is barred by 8 U.S.C. § 1252(a)(2)(B).

> Section 1252 further provides:
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Calling § 1252(g) "unambiguous," the Eleventh Circuit has held that this statute "bars federal courts' subject-matter jurisdiction over any claim for which the 'decision or action' of the Attorney General (usually acting through subordinates) to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013). The Court of Appeals interpreted the scope of "commenc[ing] proceedings" to include "[s]ecuring an alien while awaiting a removal determination." *Id.*

Similarly, in *Alvarez v. U.S. Immigration and Customs Enforcement*, the Eleventh Circuit found that "ICE's decision to take [a noncitizen] into custody and to

6

detain him during his removal proceedings . . . w[as] closely connected to the decision to commence proceedings, and thus w[as] immune from our review." *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016). The Eleventh Circuit held that § 1252(g) barred Alvarez's claim, even though he alleged his detention violated the Fourth and Fifth Amendments because government officials made knowing misrepresentations to detain him. *Id.* at 1203–04; *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 488 (1999) ("[A]n alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257–58 (11th Cir. 2020). Efforts to challenge the refusal of immigration officials to exercise favorable discretion also fall under § 1252(g)'s jurisdictional provision. *Alvarez*, 818 F.3d at 1205.

Here, the Petition challenges Petitioner's detention during removal proceedings. *See* Doc. 1, ¶ 3, Doc. 13 at 2. The Eleventh Circuit has ruled that the decision to detain an alien during removal proceedings falls within the scope of "commenc[ing] proceedings" referenced in § 1252(g). *See Gupta*, 709 F.3d at 1065; *Alvarez*, 818 F.3d at 1203. Consequently, Petitioner's claims are precluded by statute and should be dismissed.

In sum, Congress has enacted multiple jurisdiction-stripping provisions applicable to Petitioner's claims here. Such provisions clearly provide that courts are not authorized to review discretionary decisions relating to commencement of

proceedings against an alien, adjudication of such cases, or denial of an alien's release on bond under this chapter. Accordingly, this Court lacks jurisdiction to provide the review sought by Petitioner, and the Petition should thus be dismissed.

## II.     The Petition should be dismissed due to Petitioner's failure to exhaust administrative remedies.

Dismissal of the Petition is also appropriate due to Petitioner's failure to exhaust administrative remedies before filing the habeas petition. As an alien arrested and detained pursuant to 8. U.S.C. § 1226(a), Petitioner has a right, which he has exercised, to appeal to the BIA the IJ's discretionary denial of release on bond. *See* 8 C.F.R. § 1003.1(b)(7), Doc. 20-2 at 5-15. Legal briefs relating to Petitioner's appeal were required to be submitted by November 12, 2025, and a decision from the BIA on Petitioner's appeal is thus forthcoming.[2] Doc. 20-1 at ¶ 8. Rather than allowing the administrative appeal process to proceed as designed, however, Petitioner has preemptively initiated the pending habeas action, seeking the same relief sought in his appeal to the BIA – release from detention. *Compare* Doc. 1 at 11, *with* Doc. 20-2 at 6.

"[T]he general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992), *superseded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Although it is not jurisdictional in nature, "[t]he exhaustion requirement is still a requirement" for petitioners seeking relief

---

[2] Additionally, Petitioner may request a subsequent bond redetermination from an IJ upon a showing that his circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

8

under 28 U.S.C. § 2241. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015). "[C]ases . . . are ripe for dismissal unless administrative remedies [have] been exhausted before the cases [are] brought to the district court." *Perez-Perez v. Hanberry*, 781 F.2d 1477, 1481 (11th Cir. 1986) (citing *Garcia-Mir v. Smith*, 766 F.2d 1478, 1483 n.6, 1486 n.8, 1489, 1492 (11th Cir. 1985)). This prudential requirement prevents a petitioner "bypass[ing] the administrative process in hopes that he will find a more sympathetic forum in [federal] Court." *Sequeira-Balmaceda v. Reno*, 79 F. Supp. 2d 1378, 1382 (N.D. Ga. 2000). Exhaustion allows the agency responsible for detention to develop a factual record, as well as to discover and correct any errors it may have committed. *See Jean v. Nelson*, 711 F.2d 1455, 1505-06 (11th Cir. 1983) (exhaustion should be required where it may (1) permit an agency to develop a more complete factual record, (2) allow the agency to apply its discretion and expertise, (3) prevent disregard of established agency procedures, and (4) allow the agency an opportunity to correct errors and thereby enhance judicial efficiency).

The Eleventh Circuit has made clear that aliens must exhaust administrative remedies before seeking release through habeas. In *Perez-Perez,* non-citizens detained pre-final order of removal filed habeas petitions seeking release from immigration custody. 781 F.2d at 1478-79. The district court found that the non-citizens could challenge ICE/ERO's refusal to release the non-citizens on parole and certified an interlocutory appeal. *Id.* at 1479. The Eleventh Circuit reversed on appeal, finding it "clear . . . that cases such as those before us here are ripe for dismissal unless administrative remedies had been exhausted before the cases were

9

brought to the district court." *Id.* at 1481. Because it was undisputed that the non-citizens had not exhausted their administrative remedies under the parole procedures, "[t]he district court . . . should have dismissed [the habeas petitions] for failure to exhaust administrative remedies." *Id.*; *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (dismissing alien's habeas petition, which alleged constitutional deficiencies in his § 1226(a) bond hearing, due to his failure to first appeal to the BIA and obtain its decision regarding the denial of bond).

Here, as in *Perez-Perez*, Petitioner has not exhausted his administrative remedies. He instead attempts to bypass the administrative appeal process with a habeas action seeking release from detention – the same relief he seeks in the pending appeal to the BIA. Although the Eleventh Circuit has determined that exhaustion is no longer a jurisdictional requirement since issuing its decision in *Perez-Perez*, it remains a requirement for seeking habeas relief under § 2241. *Santiago-Lugo*, 785 F.3d at 474-75. Further, Petitioner has not demonstrated grounds for excusing the exhaustion requirement, nor is there a basis to do so. *See* Doc. 1 generally; *McCarthy*, 503 U.S. at 146-49 (recognizing limited circumstances in which interests of the individual weigh against requiring administrative exhaustion). Accordingly, the Court should dismiss the Petition. *See Perez-Perez*, 781 F.2d at 1481.

### III. Even if the Court had jurisdiction to overrule the IJ's decision, it should deny Petitioner bond.

Although the Court should not reach the question due to the multiple jurisdictional deficiencies and Petitioner's failure to exhaust his administrative remedies, in the event the Court reaches the merits of Petitioner's detention claim, it

10

nevertheless should deny Petitioner release on bond for the reasons explained by the IJ.

## CONCLUSION

Therefore, this Court should dismiss the Petition for Writ of Habeas Corpus.

Respectfully submitted, this 2nd day of December, 2025.

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Sharla B. Svennes*
Georgia Bar No. 926183
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
E-mail: Sharla.Svennes@usdoj.gov